UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD LESLIE,

    Plaintiff,

v.                                    CASE No. 8:06-CV-1537-T-MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Essentially, he argues that the Administrative Law Judge ("ALJ") erred by failing to fairly and fully develop the "matters at issue." After reviewing the record, I find that the ALJ applied the correct legal standards and his decision is supported by substantial evidence. Therefore, it is ordered that Plaintiff's complaint be dismissed and the Commissioner's decision affirmed.

*A. Background*

Plaintiff, who was forty-five years old at the time of his administrative hearing in February 2006, has a limited education with no GED, and previous work experience as a carpet installer and mechanic. He alleges disability following a motor vehicle accident due to constant low back pain,

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c)  (doc. 11).

numbness across both hips, and left leg pain with periodic numbness in the leg and buttocks. He underwent back surgery in July 2005, and thereafter developed right leg pain.[2]

Plaintiff initially filed for disability insurance benefits and supplemental security income on August 18, 2003, alleging a disability onset date of September 5, 2000. The ALJ denied benefits, finding Plaintiff unable to perform his past relevant work but capable of performing a significant range of sedentary work. The Plaintiff appealed, and the Appeals Council declined review. At this juncture, the Plaintiff has exhausted his administrative appeals, and the ALJ's decision is the final decision.

   *B.  Discussion*

Plaintiff argues that although he bears the burden of producing substantial evidence to support his disability claim, the ALJ should have given him a "full and fair opportunity to present all information about his claim." In particular, he suggests the ALJ should have asked him to provide more medical evidence with regard to his treating orthopedic's order to undergo a CT myelogram to further evaluate his lumbar spine. Plaintiff asserts the ALJ erred by failing to "take any measure to have the Plaintiff undergo the CT myelogram and make this evidence a part of the record" (doc. 21, p.9). He claims the ALJ erred by denying him disability, and insists that the ALJ should have developed the record more fully in this regard.

An ALJ has a basic obligation to develop a full and fair record, even where, as here, the claimant was represented by counsel. *See Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). The Social Security regulations direct that an ALJ re-contact a claimant's medical source where the evidence received from the source is inadequate to determine disability. 20 C.F.R. § 404.912(e)(1).

---

[2] The ALJ accurately reports Plaintiff's medical history, and I adopt that portion of his decision for purposes of this Order (R.11-15).

Evidence is considered inadequate if it (1) contains a conflict or ambiguity that must be resolved, (2) does not contain all the necessary information, or (3) does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.  *Id.*  Nevertheless, as the Commissioner indicates, it remains the plaintiff's burden to prove he is disabled.  *See Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  Furthermore, a plaintiff is required to show prejudice from lack of development of a record before a case will be remanded for further development.  *See Graham v. Apfel*, 129 F.3d 1420, 1422-23 (11th Cir. 1997).  The record must reveal "evidentiary gaps which result in unfairness or 'clear prejudice.'"  *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982) (quoting *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. 1981)).

In his decision, the ALJ found that "no treating physician has opined that the claimant is unable to work because [of] his impairment."  He noted that the objective medical evidence failed to show that his impairments were as severe as his hearing testimony indicates (R. 14).  The ALJ explained his reasons for according little weight to the state agency physician who found that employment would be a major challenge without pain control, as well as his reasons for according great weight to the consultants who found that he can do less than the full range of sedentary and light work (R. 14).  While the ALJ noted that Plaintiff's symptoms had been more severe since his July 2005 spine surgery, he also stated there was no evidence that the symptoms would preclude work for a 12-month period (R. 15).  As the Commissioner correctly asserts, the Plaintiff's attorney appeared on his behalf at the administrative hearing and was able to present his full case and fully question the vocational expert.  The ALJ was not concerned about an ambiguity, conflict, or inadequacy in the evidence indicating a need to re-contact Plaintiff's treating doctors, and Plaintiff did not ask that he do so until the instant appeal.

Plaintiff claims he is now barred from pursuing benefits since his last date of insured status was December 31, 2005.  Plaintiff's case involves both DIB and SSI.  To be eligible for DIB, he must show he became disabled prior to the expiration of his disability insured status.  20 C.F.R. §§ 404.101, 404.130, 404.131.  Hence, for DIB, he needed to establish he became disabled on or prior to December 31, 2005; the medical records Plaintiff is concerned about would not have established disability on or prior to the expiration of his insured status.  To be entitled to SSI or DIB a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 42 U.S.C. § 423(d)(1)(A).  While Plaintiff may not be able to apply again for DIB due to the expiration of his insured status, he may apply again for SSI if he feels that his condition has worsened and that he meets the regulatory criteria for benefits.    C.  Conclusion

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.
2. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED at Tampa, Florida on January 2, 2008.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record